No. 184.—Succession of E. H. POMEROY. Opposition of C. V. HUNT.

The allegation of a married woman in her petition that she is "joined and authorized" by her husband, is not sufficient authority to enable her to prosecute the suit.

A married woman can only appear in court with her husband appearing also, or by showing his authorization otherwise than in her own averments.

APPEAL from Parish Court, parish of Caddo. *Creswell*, Parish Judge. *Nutt & Leonard*, for opponent and appellant. *T. T. Land* and *George Williamson*, for executor, appellee.

WYLY, J. A motion is made to dismiss this appeal because it has been taken by the appellant, who is a married woman, without the authorization of her husband.

We do not find any evidence in the record of her husband's authorization either to take this appeal, or to prosecute the suit in the lower court.

In her petition of opposition, in her motion for appeal and in her appeal bond she states that she is "joined and authorized" by her husband, but the latter has not joined in the suit in the lower court nor in the appeal; he has made no appearance whatever.

In Lacour *v.* Delamarre et al., 2 A. 140, where the only evidence of the wife's authorization was her own statement to that effect in her petition, this court said: "We have held that where the husband and wife appear in the same suit as plaintiffs or defendants, or the husband appears in court as authorizing his wife, the authority on the part of the husband to the wife's appearance necessarily follows, but in this case there is no appearance on the part of the husband in person or by attorney. We consider the rule well settled, and the authorities cited by the counsel for the appellee are conclusive."

The same doctrine was affirmed in Bray *v.* Bynum, 2 A. 879, where a married woman's appeal was dismissed because it did not appear that she had been authorized to defend the suit below, and the husband did not join in the petition of appeal, her averment that she was acting with his assistance not being sufficient.

In our opinion a married woman can only appear in court with her husband appearing also, or by showing his authorization otherwise than in her own averments or that of her counsel. C. C. 123; 1 R. 230, 468; C. P. 106; C. P. 107, 113.

If the husband refuse, or be under interdiction or absent, she may be authorized by the judge to appear in court. C. C. 126, 129.

The motion to dismiss must prevail.

It is therefore ordered that this appeal be dismissed at appellant's costs